IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANNA LAUGHLIN,
  *Plaintiff*,

v.

BIOMET INC., *et al.*,
  *Defendants.*

Civil Action No. ELH-14-1645

**MEMORANDUM**

In this product liability action, plaintiff Anna Laughlin sued defendants Mid Atlantic Medical, LLC ("MAM"); MAM's president, Brett Shoop; Biomet, Inc.; Biomet Orthopedics, LLC; Biomet U.S. Reconstruction, LLC; and Biomet Manufacturing, Inc. ECF 2 ("Complaint").[1] Plaintiff alleges that her hip replacement, a Biomet M2a Magnum Metal-on-Metal Hip System (the "Magnum"), caused substantial injuries, necessitating subsequent hip replacement surgery. Further, she asserts that defendants marketed the Magnum as safe despite knowing that it was defective.

The Complaint contains asserts eight counts. Count One alleges a claim for negligence against all defendants. Count Two, lodged against all defendants, alleges a claim for negligent failure to warn. In Count Three, plaintiff asserts a claim of "Strict Liability Failure to Warn," lodged against all defendants. Count Four lodges a claim of strict liability against all defendants. Count Five, raised against the "Biomet Defendants," contains a claim for beach of implied warranty. Count Six asserts a claim against the Biomet Defendants for breach of express warranties. Count Seven contains a claim against all defendants for "Violation of Maryland

---

[1] Plaintiff filed suit on April 9, 2014, in the Circuit Court for Calvert County. ECF 2. Biomet removed the case to this Court on May 20, 2104. ECF 1 ("Notice of Removal"). The case was initially assigned to Judge Peter Messitte.

Consumer Protection Act." And, Count Eight sets forth a claim against all defendants for "Misrepresentation."

Plaintiff's case was among many filed against Biomet. On October 2, 2012, pursuant to 28 U.S.C. § 1407, the Joint Panel on Multidistrict Litigation ("JPML"), consolidated all cases involving Biomet's Magnum into a Multi-District Litigation action ("MDL") for coordinated pretrial proceedings. *See In re: Biomet M2A Magnum Hip Implant Prods. Liab. Litig.*, 896 F. Supp. 2d 1339, 1340 (J.P.M.L. 2012). The MDL was assigned to Judge Robert Miller, Jr. of the United States District Court for the Northern District of Indiana. *Id.* Plaintiff's case was transferred to the MDL on October 10, 2014. ECF 23.

After extensive pretrial proceedings, plaintiff's case was remanded to this District on December 28, 2018, as part of the second remand group. MDL-2391, Dkt. No. 3741; ELH-14-1645, ECF 24.[2] In the transfer order, Judge Miller explained that of the approximately 3,000 cases that were part of the MDL, 90% had settled as part of a master settlement agreement arrived at in 2014. *See* MDL-2391, Dkt. No. 3738 at 2-3, 6; *see also* MDL-2391, Dkt. No. 1317 (Master Settlement Agreement). Accordingly, the remaining cases were being sent to their proper districts for trial. MDL-2391, Dkt. No. 3738 at 13. Further, Judge Miller observed, *id.*:

> Any case might present its own atypical need, but for the most part, here is what will be left to do after remand: (1) additional, non-duplicative, case-specific depositions; (2) disclosure of case-specific experts, service of case-specific expert reports, and case-specific expert depositions; (3) any motions addressing the

---

[2] At the time of the filing of this Memorandum Opinion, six other lawsuits are pending against Biomet in this District. *See Harris v. Biomet Orthopedics, LLC*, ELH-18-3924 (D. Md.); *Harbold v. Biomet Orthopedics, LLC*, ELH-18-3925 (D. Md.); *Kandel v. Biomet Orthopedics, LLC*, ELH-18-3926 (D. Md.); *Ringley v. Biomet, Inc.*, ELH-17-747 (D. Md.); *McCoy v. Biomet Orthopedics, LLC*, ELH-12-1436 (D. Md.); *Oswald v. Biomet Orthopedics, LLC*, ELH-19-607 (D. Md.).

The cases of *Fowler v. Biomet Orthopedics, LLC*, ELH-19-2931 (D. Md.), and *Soustek v. Biomet Mfg. Corp.*, ELH-15-1890 (D. Md.), have recently settled.

testimony of case-specific experts; (4) any motions (or, perhaps, trial objections) directed to the recorded trial testimony of the plaintiffs' generic experts; (5) any other motions addressing the testimony of generic or case-specific experts; and (6) any summary judgment motions.

On September 13, 2019, plaintiff submitted a one-page motion, asking the Court to consolidate her case with other pending Biomet cases, and incorporating by reference the arguments set forth in two motions to consolidate pending before the Court. ECF 45 (the "Motion").[3] However, plaintiff did not specify which particular group of plaintiffs she sought to join. Nor did she address the rationale for joinder of the cases. Defendants oppose consolidation (ECF 48), supported by two exhibits. ECF 48-1 and ECF 48-2. Plaintiff did not reply, and the time to do so has expired. *See* Local Rule 105.2.

Unlike the other lawsuits against Biomet that are pending before the Court, plaintiff seeks to recover from MAM, a distributor of Magnum devices, and Shoop, MAM's president.[4] However, the Motion does not address the import of these defendants in regard to the consolidation of Laughlin's action with other Biomet suits. But, it would seem that the addition of these

---

[3] McCoy and Oswald seek to consolidate their cases for trial. *See McCoy v. Biomet Orthopedics, LLC*, ELH-12-1436, ECF 54 (D. Md.). And, Harris, Harbold, Kandel, and Ringley have filed a motion to consolidate. *See Harris v. Biomet Orthopedics, LLC*, ELH-18-3924, ECF 196 (D. Md.).

[4] Harris, Harbold, and Kandel, all of whom are represented by the same counsel, filed suit in federal court in Indiana against Biomet Orthopedics, LLC; Biomet Inc.; and Biomet Manufacturing, LLC. ELH-18-3924, ECF 1, ECF 7; ELH 18-3925, ECF 1; ELH-18-3926, ECF 1. Harris initially named Biomet Manufacturing Corp. and Biomet U.S. Reconstruction, LLC as defendants but later dropped those entities from his suit.

Ringley sued Biomet Inc.; Biomet Orthopedics, LLC; Biomet U.S. Reconstruction, LLC; and Biomet Manufacturing Corp. *See* ELH-17-747, ECF 1-3. However, during proceedings in the MDL, Judge Miller dismissed the suit as to all Biomet corporate entities other than Biomet, Inc.; Biomet Orthopedics, LLC; Biomet Manufacturing, LLC; and Biomet U.S. Reconstruction, LLC. *See* MDL-2391, Dkt. No. 2972. Accordingly, Biomet Manufacturing Corp. is no longer a proper defendant.

defendants changes the landscape for joinder; their presence as parties would likely require the presentation of additional evidence, unrelated to the Biomet Defendants. Their presence as parties would also give rise to distinct questions of law and fact that militate against consolidation. *See* Fed. R. Civ. P. 42(a).

Accordingly, the Motion is DENIED, without prejudice to the right of plaintiff to seek consolidation in a motion that addresses the significance, if any, of the MAM and Shoop with respect to the question of consolidation.

An Order follows, consistent with this Memorandum.


Date: November 19, 2019                    _____/s/_____
                                           Ellen L. Hollander
                                           United States District Judge